## MANDATORY REQUIREMENTS FOR CASE MANAGEMENT PLAN

The following instructions, along with Judge Gonzalez's Individual Practices available on the Court's public website (https://www.nyed.uscourts.gov/pub/rules/HG-MLR.pdf), shall apply to this case:

1. Plaintiff's counsel shall notify all attorneys in this action in writing of this order.

2. The parties shall file on the docket a completed Case Management Plan using the attached form on or before April 7, 2023.

3. Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties shall confer about a proposed discovery plan at least 21 days before the deadline for submitting the Case Management Plan.

4. The Court expects the parties' Case Management Plan to provide for: (i) the completion of fact discovery a maximum of 90 days after the filing of the Case Management Plan and (ii) the completion of any expert discovery a maximum of 60 days after the end of fact discovery, unless the Court finds that the case presents unique complexities or other exceptional circumstances.

5. On or before the deadline for submitting the Case Management Plan, counsel are directed to file on the docket, on a without prejudice basis, a joint letter no longer than five pages describing the case, including the factual, jurisdictional, and legal basis for the claim(s) and defense(s). The letter shall also describe any contemplated motions and any other topics that a party wants to bring to the Court's attention.

6. The Magistrate Judge assigned to this case is Magistrate Judge Robert M. Levy. The letter described in the previous paragraph shall indicate whether the parties unanimously agree to Judge Gonzalez's referral of this case for a settlement conference before Magistrate

Judge Levy or to the Eastern District of New York's Court-Annexed Mediation program. Information related to this mediation program is available on the Court's public website (https://www.nyed.uscourts.gov/mediation). If the parties agree to such a referral, their letter shall indicate approximately when they believe a settlement conference or mediation session should be held. If the parties do not unanimously agree to such a referral, their letter shall not identify which party or parties did or did not so agree.

7. Defendant's portion of the letter described in the previous paragraphs may not assert a general denial, boilerplate affirmative defenses, or a need for further investigation, but must engage with the issues in the case. Failure to comply with these instructions may result in the imposition of sanctions under Fed. R. Civ. P. 16(f).

8. Requests for adjournment of the deadline for submitting the Case Management Plan and joint letter will be considered only if made in writing and otherwise in accordance with Section I.D of Judge Gonzalez's Individual Practices.

9. **Consent to Proceed Before Magistrate Judge.** If all parties consent to conducting all further proceedings in this case, including motions and trial with or without a jury, before Magistrate Judge Levy pursuant to 28 U.S.C. § 636(c), they shall execute and file by ECF the consent form (ECF No. 3) on the deadline specified above for filing the Case Management Plan. The parties may alternatively consent to conduct all further proceedings before a different Magistrate Judge, and a random Magistrate Judge will be selected according to the Eastern District of New York's Local Civil Rule 73.1(b). If the parties consent to conducting further proceedings before a Magistrate Judge, then the parties need not file a joint letter or a Case Management Plan unless directed to do so by the Magistrate Judge.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

[PLAINTIFF],

                        Plaintiff[s],                **CIVIL CASE MANAGEMENT PLAN**

                                                          ___-cv-_____ (HG)

            -against-

[DEFENDANT],

                        Defendant[s].

------------------------------------------------------------------x

**HECTOR GONZALEZ**, United States District Judge:

      After consultation with counsel for the parties, the following Case Management Plan is adopted.  This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).  The parties should not anticipate extensions of the deadlines specified in this order and shall not make a unilateral decision to stay or halt discovery on the basis of settlement negotiations, or for any other reason, in anticipation of an extension.

    1.    **Fact Discovery**

        a.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York.  All fact discovery is to be completed by _____, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

        b.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.  Interim deadlines for

        these discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

    c.    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

    d.    Any motion to amend pleadings or to join additional parties not allowed as of right pursuant to the Federal Rules of Civil Procedure must be raised through a pre-motion letter that complies with Section IV.A of the Court's Individual Practices by _____.

2. **Expert Discovery**

    a.    The parties agree that there [is \_\_\_ / is not \_\_\_ ] a need for expert discovery.

    b.    All expert discovery is to be completed by _____, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

    c.    If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless – prior to that date – a party files a motion seeking an extension for purposes of taking expert discovery, which must comply with Section I.D of the Court's Individual Practices.  Any such motion should explain why expert

        discovery has become necessary and propose a schedule for such discovery.

3. **Post-Discovery Motions**

    a. Ten business days after the completion of fact or expert discovery, whichever occurs later, the parties shall file pre-motion letters related to any proposed motions for summary judgment or motions to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases.

    b. Any such pre-motion letters shall comply with Section IV.A of this Court's Individual Practices, including the requirement that any such letters related to a motion for summary judgment contain the statement of material facts required by the Eastern District of New York's Local Civil Rule 56.1.

    c. There shall be no cross-motions. Any motions not raised in a pre-motion letter by the deadline specified above will not be considered. The papers served and filed pursuant to any motions allowed by the Court shall comply with the requirements in Section IV.B of this Court's Individual Practices.

4. **Pre-Trial Submissions**

    a. The case [is ____ / is not ____ ] to be tried to a jury.

    b. The parties shall submit to the Court for its approval a Joint Pretrial Order containing the content described in Section VI.B of the Court's Individual

3

        Practices either: (a) within 60 days after the completion of fact or expert discovery, whichever occurs later, or (b) if a post-discovery motion described in Paragraph 3 of this order has been filed, within 30 days after a decision on such motion.

   c.    The parties shall file any motions *in limine* 30 days in advance of trial in accordance with Section VI.C of the Court's Individual Practices.

   d.    The parties shall file any requests to charge, proposed verdict sheets, and proposed *voir dire* questions 10 business days in advance of trial in accordance with Section VI.C of the Court's Individual Practices.

5.    This order may not be modified or the dates herein extended, except by further order of this Court requested in accordance with Section I.D of the Court's Individual Practices.  Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.  Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this order.  Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously.  Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

**SO ORDERED.**

                                                  HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York

       _____  \_\_\_ , 20\_\_

## ATTACHMENT A

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| **PRELIMINARY DISCOVERY MATTERS** | |
| [*If applicable*] Initial disclosures required by Fed. R. Civ. P. 26(a)(1) | [*Absent exceptional circumstances, a date not more than 14 days following the parties' filing of the Case Management Plan.*] |
| [*If applicable*] HIPAA-required medical records release authorizations | [*Absent exceptional circumstances, a date not more than 14 days following the parties' filing of the Case Management Plan.*] |
| [*If applicable*] N.Y. Crim. Proc. Law § 160.50 releases for arrest records | |
| [*If applicable*] Identification of John Doe/Jane Doe Defendants | |
| [*If applicable*] Procedures for producing Electronically Stored Information (ESI) discussed | |
| [*If applicable*] Confidentiality order to be submitted for court approval | |
| **SETTLEMENT PLAN** | |
| Plaintiff to make settlement demand by: | |
| Defendant to make settlement offer by: | |
| Referral to EDNY mediation program pursuant to Local Rule 83.8? (If yes, enter date for mediation to be completed) | |
| Settlement conference (proposed date) | |

| DISCOVERY DEADLINES ||
|---|---|
| Motion to join new parties or amend pleadings (cannot be adjourned except by Court order) | |
| Service of requests for production and interrogatories | |
| Response to requests for production and interrogatories | |
| Service of requests for admissions | |
| Response to requests for admissions | |
| Service of contention interrogatories | |
| Response to contention interrogatories | |
| Completion of fact witness depositions | |
| Completion of fact discovery (cannot be adjourned except by Court order) | *[Absent exceptional circumstances, a date not more than 90 days following the parties' filing of the Case Management Plan.]* |
| Completion of expert discovery, including production of reports and related documents and depositions (cannot be adjourned except by Court order) | *[Absent exceptional circumstances, a date not more than 60 days following the completion of fact discovery.]* |
| **CONSENT TO MAGISTRATE JUDGE JURISDICTION** ||
| Parties consent to conducting all further proceedings in this case, including motions and trial with or without a jury, before a Magistrate Judge pursuant to 28 U.S.C. § 636(c) | ☐ Yes<br>☐ No |

| COLLECTIVE ACTION AND CLASS ACTION MOTIONS ONLY | |
|---|---|
| Motion for collective action certification in FLSA cases (specify deadlines for response and reply) | |
| Motion for Rule 23 class certification (specify deadlines for response and reply) | |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

**1.      PLAINTIFF'S CLAIMS:**

**2.      COUNTERCLAIMS AND CROSS-CLAIMS:**

**3.      THIRD-PARTY CLAIMS:**