# BURSOR & FISHER
### P.A.

| | |
|---|---|
| **888 SEVENTH AVENUE**<br>**THIRD FLOOR**<br>**NEW YORK, NY 10019**<br>www.bursor.com | YITZCHAK KOPEL<br>Tel: **646.837.7127**<br>Fax: **212.989.9163**<br>ykopel@bursor.com |

May 19, 2023

<u>*Via ECF*</u>

The Honorable Hector Gonzalez
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Vinas v. Jones Lang LaSalle Americas, Inc.*, Docket No.: 1:23-cv-01236

Dear Judge Gonzalez:

I represent Plaintiff in the above-captioned case. Together with counsel for Defendant, the parties jointly write pursuant to the Court's February 21, 2023 Order and submit herewith a proposed Case Management Plan.

**I.   Case Description**

<u>Plaintiff's Position</u>:

This is a class action alleged on behalf of all Jones Lang LaSalle Americas, Inc. ("Defendant" or "JLL") employees in the State of New York that engage in manual work in the course of their employment. Compl. ¶ 1. New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner. *See* New York Labor Law ("NYLL"), Article 6, §191. *Id.* ¶ 2.

Plaintiff alleges that prior to receiving authorization from the Department of Labor Commissioner on November 25, 2022, Defendant violated this law by paying its manual workers every other week rather than on a weekly basis. *Id.* ¶ 4. Plaintiff therefore demands liquidated damages, interest, and attorneys' fees individually and on behalf of a putative class comprised of all manual workers employed by Defendant in New York State over the last six years prior to November 25, 2022. *Id.* ¶ 5.

The legal basis for Plaintiff's claims is rooted in a decision from the highest New York state court to consider the issue—*Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 2019)—where the First Department held that "New York Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191." *Id.* at 1146. To no surprise, "[s]ince *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law … and defendants present no persuasive reason to do otherwise." *Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, at *5

(E.D.N.Y. Aug. 27, 2021) (citing *Mabe v. Wal-Mart Assocs., Inc.*, 2021 WL 1062566, at *5 (N.D.N.Y. Mar. 18, 2021)).

JLL's Position:

Plaintiff is a former employee of JLL. Plaintiff alleges she is a "manual worker," who was not paid weekly in violation of NYLL § 191. However, Plaintiff concedes she was paid all earnings and amounts owed, but maintains such amounts were paid late (*i.e.*, bi-weekly instead of weekly). JLL denies Plaintiff's allegations. Among other defenses, Plaintiff was not a "manual worker" as defined under the NYLL, and is not entitled to liquidated damages.

Additionally, as to Plaintiff's purported class allegations on behalf of *all* JLL employees that engage in manual work, JLL denies that Plaintiff is a proper representative for any and all such employees to the extent she is not similarly situated to them.

## II.   Jurisdiction and Venue

Plaintiff's Position:

This Court has personal jurisdiction over Defendant because Defendant conducts significant business in New York. Defendant owns, operates, and maintains commercial real estate properties throughout New York. Compl. ¶ 6.

This Court has subject matter jurisdiction over the proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs. Compl. ¶ 7.

Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events and acts giving rise to the claim herein occurred in this District. Compl. ¶ 8.

JLL's Position:

JLL agrees that this Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 and that venue is proper in this District. JLL is incorporated in Maryland and its principal place of business is located in Illinois.

## III.   Contemplated Motions

Plaintiff contemplates moving for class certification at the close of fact discovery. JLL contemplates moving to dismiss and moving for summary judgment at the close of fact discovery.

### IV. Settlement Conference

The parties do not agree to referral of this case to Magistrate Judge Levy for a settlement conference.

### V. Other Topics

The parties respectfully propose roughly six months for fact discovery due to the breadth of discovery that will be required with respect to the putative class as alleged in Plaintiff's Complaint, and based on counsel's prior experience in similar matters. The parties are not aware of any additional topics to bring to the Court's attention at this time.

Very truly yours,

*Y. Kopel*

Yitzchak Kopel

CC: All counsel of record (via ECF)

Encls.